IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK J. VANDENBURGH,

    Plaintiff,                    No. 2:10-cv-0612 KJN P

    vs.

ARAMARK, et al.,

    Defendants.          <u>ORDER</u>

                     /

        Plaintiff is presently housed in the Solano County Jail, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

On June 7, 2010, pursuant to Fed. R. Civ. P. 15(a), plaintiff filed a first amended complaint that supersedes the original complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

This lawsuit is brought by plaintiff as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

Because plaintiff has articulated only general claims as to the alleged class, the amended complaint will be dismissed and plaintiff will be provided an opportunity to file a second amended complaint that addresses alleged violations of his constitutional rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the second amended complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

1  and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson
2  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of
3  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
4  F.2d 266, 268 (9th Cir. 1982).
5         In addition, plaintiff is hereby informed that the court cannot refer to a prior
6  pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220
7  requires that an amended complaint be complete in itself without reference to any prior pleading.
8  This requirement exists because, as a general rule, an amended complaint supersedes the original
9  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second
10 amended complaint, the original pleading no longer serves any function in the case.  Therefore,
11 in a second amended complaint, as in an original complaint, each claim and the involvement of
12 each defendant must be sufficiently alleged.
13         In accordance with the above, IT IS HEREBY ORDERED that:
14         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
15         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
18 Sheriff of Solano County filed concurrently herewith.
19         3.  Plaintiff's amended complaint is dismissed.
20         4.  Within thirty days from the date of this order, plaintiff shall complete the
21 attached Notice of Amendment and submit the following documents to the court:
22             a.  The completed Notice of Amendment; and
23             b.  An original and one copy of the Second Amended Complaint.
24 Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights
25 Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended
26 ////

complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: June 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vand0612.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK J. VANDENBURGH,

    Plaintiff,

vs.

ARAMARK, et al.,

    Defendants.

_____/

No. 2:10-cv-0612 KJN P

NOTICE OF AMENDMENT

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____   Second Amended Complaint

DATED:

_____
Plaintiff